UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY LOPEZ,<br><br>   Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>   Defendant. | No. EDCV 16-2641 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff filed this action on December 27, 2016. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 11, 12.) On November 9, 2017, the parties filed a Joint Stipulation ("JS") that addressed the disputed issue. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for further proceedings consistent with this opinion.

# I.

# **PROCEDURAL BACKGROUND**

Lopez filed an application for disability insurance benefits on December 10, 2012 and alleged an onset date of April 20, 2011. Administrative Record ("AR") 16. The application was denied initially and on reconsideration. AR 16, 58, 66. Lopez requested a hearing before an Administrative Law Judge ("ALJ"). On April 17, 2015, the ALJ conducted a hearing at which Lopez and a vocational expert ("VE") testified. AR 32-49. On May 14, 2015, the ALJ issued a decision denying benefits. AR 13-27. On October 28, 2016, the Appeals Council denied review. AR 1-6. This action followed.

# II.

# **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that Lopez met the insured status requirements through March 31, 2014. AR 18. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Lopez had the severe impairments of cervical and lumbar strain/sprain; right shoulder strain/sprain; anxiety; and depression. AR 18. Through the date last insured, he had the residual functional capacity ("RFC") to perform medium work except that he could sit, stand and walk for six hours in an eight-hour workday, and frequently perform postural activities. He could not continuously or repetitively move his neck. Lopez was limited to nonpublic work and simple, repetitive tasks that involved only non-intense and superficial interaction with supervisors and counselors. AR 20. Lopez could not perform his past relevant work but there were jobs that existed in significant numbers in the national economy that he could perform such as machine feeder, kitchen helper and industrial cleaner. AR 25-27.

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

## C. Examining Physician

An examining physician's opinion constitutes substantial evidence when, as here, it is based on independent clinical findings. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). When an examining physician's opinion is contradicted, "it may be rejected for 'specific and legitimate reasons that are supported by substantial evidence in the record.'" *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted). "'The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.'" *Ryan v. Comm'r*, 528 F.3d 1194, 1202 (9th Cir. 2008) (citation omitted) (emphasis omitted). However, a non-examining physician's opinion may serve as substantial evidence when it is supported by other evidence in the record and is consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Dr. Hoang, an orthopedist, examined Lopez and prepared an opinion dated March 25, 2013. AR 293-97. Lopez reported that, on April 20, 2011 while on the job as a truck driver, he was sitting in the driver's seat when he was robbed of his cashbox at gunpoint and struck in the face with a pistol. He called 911 and filed a police report. AR 253-54, 293-94. Dr. Hoang noted normal posture, gait, and heel/toe walking. He was able to squat/rise and get on/off the examination table without difficulty. AR 294. His cervical spine had normal range of motion and no muscle spasm, but had tenderness to palpation over the right para-cervical musculature and sub-occipital region. Range of motion of the thoracolumbar spine was limited 80/90 on flexion and otherwise normal. There was no muscle spasm, but Lopez had tenderness to palpation over the L5/S1 lumbar spincus processes and right paraspinal muscles. Both shoulders were within normal limits except for tenderness over the posterior aspect of the right shoulder. Lopez had full range of motion of the shoulders, elbows and wrists. AR 295. His left hand was within normal limits. His right hand had mild tenderness over the PIP joints and non-specific pain over the dorsal radial aspect. Lopez had no loss of grip strength. Lower extremities were within normal limits. Motor strength was 5/5. AR 296.

Dr. Hoang opined that Lopez could lift/carry/push/pull 50 pounds occasionally and 20 pounds frequently; sit, stand or walk six hours in an eight-hour workday; and perform frequent postural activities. AR 297.

The ALJ gave "great weight" to the opinions of Dr. Hoang and Dr. Lane, who performed a Panel Qualified Medical Examination on January 27, 2014, ten months after Dr. Hoang's examination. AR 24, 451-86. Dr. Lane noted tenderness over the para-cervical musculature and suprascapular/trapezius region with muscle guarding. AR 462. Lopez had normal muscle and grip strength. AR 463. He had tenderness over the lumbar spine and paraspinal muscles. Muscle strength was normal. AR 464. Dr. Lane diagnosed cervical strain, and found that the lumbar symptoms are "quite mild and do not warrant treatment." AR 465. Dr. Lane opined that Lopez would be precluded from repetitive cervical motions and could return to his usual and customary occupation. AR 466-67. The ALJ adopted greater restrictions than Dr. Lane "to better account for the pain and symptomatology as noted throughout the file and as reported by Dr. Hoang." AR 24.

Lopez argues that the ALJ incorrectly stated that Dr. Hoang opined he was able to lift 25 pounds frequently (AR 23) and further argues that Dr. Hoang's lift/carry limitation of 20 pounds frequently would preclude medium work, which requires "frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). That regulation provides that "[i]f someone can do medium work, we determine that he or she can also do sedentary and light work." *Id.*

Defendant argues that any error in the ALJ's transcription is harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("We have, for example, deemed errors harmless where the ALJ misstated the facts about the claimant, but we were able to conclude from the record that the ALJ would have reached the same result absent the error.").

"'[A] reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ . . . could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citation omitted).

The record does not provide this court with any basis on which to evaluate the effect, if any, on the disability determination if the vocational expert were given a hypothetical that assumed the claimant could lift up to 20 pounds frequently along with the other limitations in the residual functional capacity. "[I]ndividual occupations classified as medium work vary in exertional demands from just above the light work requirements to the full range of medium work." Social Security Ruling 83-14, 1983 SSR 33, *14. It is unknown on this record whether a limitation to frequent lifting/carrying up to 20 pounds would materially erode the size of the remaining occupational base of medium work, or whether there were jobs at the light level at step five of the sequential analysis. *See id.* It is also possible that the ALJ would find Lopez capable of lifting/carrying up to 25 pounds frequently notwithstanding Dr. Hoang's opinion. Accordingly, the matter will be remanded for further proceedings.

## IV.
## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and the matter is remanded for further proceedings consistent with this opinion.

DATED: November 29, 2017

ALICIA G. ROSENBERG
United States Magistrate Judge